IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FRANCISCO PALOMINO, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00531-O-BP |
| § | |
| DEPARTMENT OF THE ARMY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Dismiss (ECF No. 9) and the record in the above-captioned case. Because this Court lacks subject-matter jurisdiction, and because Plaintiff has not complied with Court orders and otherwise failed to prosecute, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion and **DISMISS** this case **without prejudice**.

**I.     BACKGROUND**

Master Sergeant Francisco Palomino, Jr. is a U.S. military veteran proceeding *pro se* against Defendant U.S. Department of the Army, claiming he "was discriminated, harass[ed] and victimized." ECF No. 1 at 1; *see generally id.* at 1-49. Palomino describes his unsuccessful application for "promotion to Command Sergeant Major E-9" ("CSM"). *Id.* at 1; *see also id.* at 49 ("My ambition was to become a [CSM]."). The Department of the Army's Board for Correction of Military Records ("ABCMR") reviewed his application, which sought "retroactive promotion to [CSM] in the U.S. Army Reserve." *Id.* at 6. But ABCMR denied the application initially in April 2013 and upon reconsideration in July 2014. *Id.* at 5, 12.

Palomino filed this suit in April 2021, seeking further "[c]onsideration for [CSM]." *Id.* at 3. Defendant filed the instant Motion to Dismiss in November 2021, contending Palomino's case is time-barred and requesting dismissal under Federal Rule of Civil Procedure 12(b)(1). ECF No. 9. Despite the Court twice directing Palomino to respond to Defendant's Motion (*see* ECF Nos. 11-12), Palomino has not done so. In fact, he has not filed any pleading since April 2021. *See* ECF No. 5.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes motions to dismiss for lack of subject-matter jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Rule 12(b)(1) motions present either "facial" or "factual" attacks. *Brown v. Peterson*, No. 7:03-cv-0205, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006). Where, as here, the motion is "based on the complaint alone," the attack is facial, and the Court must "merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013); *see also Parks v. Hinojosa*, No. 4:21-cv-00111-O, 2021 WL 1720219, at *2 (N.D. Tex. Apr. 30, 2021) (explaining that Rule 12(b)(1) motions are presumptively facial attacks).

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*,

*Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Any dismissal "should be made without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

### B.    Rule 41(b) Standard

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be made with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.*

## III.    ANALYSIS

### A.    The Court should dismiss under Rule 12(b)(1) because it lacks subject-matter jurisdiction.

Because Defendant's Motion to Dismiss analyzes the facts Palomino alleges in his Complaint, the Motion is a facial attack on the Court's subject-matter jurisdiction. *See* ECF No. 9; *Lowe*, 972 F. Supp. 2d at 953. Taking the Complaint's allegations as true, the Court lacks power to adjudicate Palomino's case because he is challenging an ABCMR decision, for which the time to seek judicial review has passed. *See Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010. Judicial review of ABCMR decisions is subject to the six-year statute of limitations period in 28 U.S.C. § 2401(a). *Geyen v. Marsh*, 775 F.2d 1303, 1308-10 (5th Cir. 1985); *see generally Williams v. Wynne*, 533 F.3d 360, 368 (5th Cir. 2008) ("Final decisions made by boards for the correction

3

of military records . . . are subject to judicial review under the [Administrative Procedure Act] and can be set aside if they are arbitrary, capricious, or not supported by substantial evidence.").

Failure to seek judicial review within the six-year limitations period "is not merely a waivable defense," but it "operates to deprive federal courts of jurisdiction." *Dunn-McCampbell Royalty Int., Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286-87 (5th Cir. 1997) (describing § 2401(a) as a jurisdictional term under which the United States consents to waive its sovereign immunity); *Lewis v. U.S. Army Rev. Bds. Agency*, No. EP-06-ca-14-PRM, 2006 WL 1788125, at *3 (W.D. Tex. June 26, 2006) (granting Rule 12(b)(1) motion when more than six years passed since ABCMR decision). Subsection 2401(a)'s limitations period starts running once ABCMR issues the challenged decision. *Geyen*, 775 F.2d at 1309 (examining the cause of action's accrual date); *Smith v. Marsh*, 787 F.2d 510, 511-12 (10th Cir. 1986) (quoting *Geyen*, 775 F.2d at 1308-09).

Palomino acknowledges filing this suit in the context of ABCMR's denying his application for promotion to CSM: "The board recommend that I have one more opportunity is to go through court." ECF No. 1 at 4. Palomino enclosed copies of both ABCMR decisions and the corresponding record of proceedings with his Complaint. *Id.* at 5-12. Even assuming the Court could otherwise consider his request for CSM promotion, *see Mindes v. Seaman*, 501 F.2d 175, 176 (5th Cir. 1974) (noting "promotion decisions are peculiarly within the discretion of military authority"), his request is time-barred. The period to challenge the ABCMR's decision denying CSM promotion started running when ABCMR issued the decision, either its initial denial in April 2013 or the denial upon reconsideration in July 2014. ECF No. 1 at 5, 12; *see Geyen*, 775 F.2d at 1309. Even construing July 2014 as the start date, the limitations period would have run six years later in July 2020. Because Palomino filed this suit afterward in April 2021, § 2401(a) effectively

deprives this Court of jurisdiction. *See* ECF No. 1; *Dunn-McCampbell Royalty Int., Inc.*, 112 F.3d at 1286-87; *Lewis*, 2006 WL 1788125, at *3.

The Court twice directed Palomino to respond to the Motion to Dismiss (ECF Nos. 11-12), which asserts the limitations issue. ECF No. 9 at 5-7. But Palomino has not responded or otherwise shown why this Court has subject-matter jurisdiction. *See also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."). Dismissal without prejudice is proper because the Court lacks subject-matter jurisdiction. *Mitchell*, 982 F.3d at 944.

### B.  Even if the Court had subject-matter jurisdiction, dismissal under Rule 41(b) would be proper because Palomino did not comply with two Court Orders and is otherwise not prosecuting this case.

On November 10, 2021, the Court directed Palomino to "file any response to [Defendant's] Motion to Dismiss on or before **December 1, 2021**." ECF No. 11. As of December 6, 2021, Palomino had not responded. Even so, the Court *sua sponte* extended his deadline, ordering him to "respond to Defendant's Motion to Dismiss (ECF No. 9) on or before **December 20, 2021**." ECF No. 12. This Order warned Palomino: "Failure to comply . . . may result in the undersigned recommending that Plaintiff's case be dismissed under Federal Rule of Civil Procedure 41(b)." *Id.* Palomino still has not filed a response to date. As mentioned, his last-filed pleading dates back to April 2021. *See* ECF No. 5.

Consequently, even if Palomino's claim were not time-barred, the Court should exercise its inherent power to *sua sponte* dismiss this case for failure to prosecute and comply with Court Orders. *See* Fed. R. Civ. P. 41(b); *Boudwin*, 756 F.2d at 401. Because there is no evidence showing Palomino's non-compliance was due to purposeful delay or contumacious conduct, the dismissal should be made without prejudice. *Long*, 77 F.3d at 880.

## IV.  CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion (ECF No. 9) and **DISMISS** this case **without prejudice** for lack of subject-matter jurisdiction, and for Palomino's want of prosecution and non-compliance with Court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 4, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

6